IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS )<br>#90 HEALTH AND WELFARE FUND, )<br>and EMPLOYERS & CEMENT MASONS )<br>#90 PENSION FUND, )<br>    )<br>    Plaintiffs, )<br>    )<br>vs.   ) | Case No. 12-cv-0929-MJR-DGW |
| )<br>SOLID ROCK CONCRETE )<br>CONSTRUCTION, INC., )<br>and TYSON MOORE, )<br>    )<br>    Defendants. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

In August 2012, Employers & Cement Masons #90 Health & Welfare Fund and Employers & Cement Masons #90 Pension Fund (collectively, Plaintiffs) filed suit in this Court under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001, *et seq.*, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. 141, *et seq.*, against two Defendants: (1) Solid Rock Concrete Construction, Inc., and (2) Tyson Moore, individually. Plaintiffs, employee benefit funds which receive contributions from multiple employers, alleged that Defendants have breached their obligations under collective bargaining agreements that obligated Defendant to make fringe benefit contributions (and submit required reporting forms) to Plaintiffs. The complaint alleged that § 1132(g)(2) of ERISA entitles Plaintiffs to recover the delinquent contributions, liquidated damages, reasonable attorneys' fees and court costs, and that

Defendants should be required to submit fringe benefit forms with payments for the time periods delineated in the complaint.

Both Defendants were served but failed to respond to the complaint. On October 16, 2012, Plaintiffs secured a clerk's entry of default as to both Defendants under Federal Rule of Civil Procedure 55(a). Plaintiffs furnished a notice of the entry of default to Defendants (see Doc. 10), in compliance with Local Rule 55.1(a) of this District. Now before the Court is Plaintiffs' motion for default judgment against both Defendants pursuant to Federal Rule of Civil Procedure 55(b).

Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Default judgment under Rule 55(b)(1) may be entered by the Clerk of Court or the Judge assigned to the case and is appropriately granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due.[1] The instant case falls within the parameters of Rule 55(b)(1), as Plaintiffs' claim is for a sum that can be made certain by computation. Plaintiffs have provided an affidavit supporting the requested attorneys' fees and costs (which total just under $6000 and appear to be reasonable and customary, *see* Doc. 12-1), but have not yet furnished an affidavit as to the other components of requested damages.

---

[1] Rule 55(b)(2) covers all other cases, must be entered by the Court (not the Clerk), and authorizes the Court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

Southern District of Illinois Local Rule 55.1(b) also requires that any Rule 55(b) motion "contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default is sought." Although the body of Plaintiffs' motion does not contain this precise statement, a certificate of service attached to the motion declares that the motion was mailed on March 19, 2013 to both Defendants at a St. Elmo, Illinois address.

The Court hereby sets an APRIL 19, 2013 deadline for Defendants to file any memorandum opposing the motion for default judgment. Also by that date, Plaintiffs shall submit (a) an affidavit "showing the amount due," **FED. R. CIV. P. 55(b)**, (i.e., other than the attorneys' fees/costs already addressed in Doc. 12-1) and (b) a detailed proposed Order to the undersigned Judge's proposed document inbox -- [MJRpd@ilsd.uscourts.gov](MJRpd@ilsd.uscourts.gov) – in Word® format. The proposed Order should contain a single amount for the total judgment sought *plus* a breakdown of all components comprising that total. By way of example, the proposed Order would culminate in a paragraph such as: The Clerk of Court shall enter judgment in favor of Plaintiffs and against Defendants in the total amount of $_____. That total consists of $_____ in delinquent contributions, $_____ in liquidated damages, $_____ in reasonable attorneys' fees, and $_____ in court costs. The Clerk's Office shall provide a copy of this Order to Defendants at the address in the certificate of service to Doc. 12.

IT IS SO ORDERED.

DATED March 19, 2013.

s/*Michael J. Reagan*
Michael J. Reagan
United States District Judge